IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:09-714-CMC |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Michael Gerod Westbrook, | ) | |
| Defendant. | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts five claims for relief. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion and also filed a motion for recusal. For the reasons set forth below, Defendant's motion for recusal is denied, the Government's motion for summary judgment is **granted**, and this motion for relief under § 2255 is dismissed with prejudice.[1]

**RECUSAL MOTION**

On March 8, 2012, Defendant moved for this court's recusal under 28 U.S.C. § 144. ECF No. 212 (filed Mar. 8, 2012). In his affidavit of bias, Defendant argues that the undersigned "possibly could show bias in ruling on [one of Defendant's grounds for relief] which said Judge Currie allowed to take place." Aff. of Bias at ¶ 4.

As required by § 144, Defendant includes an affidavit in support of his motion. However, the affidavit is statutorily insufficient, as it does not specify that Defendant is proceeding in good faith. Additionally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality

---

[1] Plaintiff's motion for copies, filed March 30, 2012, is denied as moot.

1

motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). *See also Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir.1984) ( "Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."). Because Defendant's motion is statutorily insufficient and Defendant has failed to produce evidence of any extrajudicial source of bias, Defendant's motion is **denied**.

### BACKGROUND

In 2009, Defendant was indicted for, *inter alia*, his role in a drug distribution conspiracy which distributed five kilograms or more of cocaine and fifty grams or more of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(a)(1)(A), and 846. On July 16, 2009, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that if convicted, he was subject to enhanced statutory penalties. On September 1, 2009, Defendant appeared before this court with counsel and after a thorough Rule 11 hearing, pleaded guilty to the conspiracy count.

A sentencing hearing was held December 10, 2009. Based on two qualifying predicate offenses, Defendant was determined to be a career offender, and was sentenced to 360 months' imprisonment.

Defendant filed a notice of appeal to the Fourth Circuit Court of Appeals. On January 21, 2011, Defendant's conviction and sentence were affirmed. *United States v. Westbrook*, 408 F. App'x 744 (4th Cir. 2011). Defendant thereafter timely filed the current motion.

Defendant's motion raises five Grounds for Relief. Defendant's first and third grounds contend his trial counsel was ineffective in failing to argue that the indictment was constructively

2

amended and in failing to determine, before he pleaded guilty, that Defendant was a career offender. Defendant's second and fourth grounds argue that his appellate counsel was ineffective in failing to raise the argument relating to the alleged "constructively amended indictment," and in failing to argue that no factual basis existed for the conspiracy offense. Defendant's last ground for relief is that he should benefit from the Fair Sentencing Act and the changes to the Guidelines which went into effect on November 1, 2011.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective," *Lockhart*, 506 U.S. at 369. Instead, a proper prejudice analysis must consider "whether the result of the proceeding was fundamentally unfair or

unreliable." *Id*. As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id*. at 369-70.

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. But because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S.___, 131 S. Ct. 733, 741 (2011). To establish prejudice in the context of a guilty plea, Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo*, 562 U.S. ___, 131 S. Ct. at 745 (2011).[2]

Sentencing is a critical stage of the trial proceedings, thereby entitling a defendant to effective assistance of counsel. *See United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *Id*. at 136.

---

[2]Two recent and factually distinguishable decisions by the Supreme Court discussing the Sixth Amendment right to counsel during the plea-bargaining process do not alter the court's analysis. *See Lafler v. Cooper*, 566 U.S. __, __ S. Ct. ___, No. 10–209, 2012 WL 932019 (Mar. 21, 2012); *Missouri v. Frye*, 566 U.S. ___, ___ S. Ct. ___ , No. 10–444, 2012 WL 932020 (Mar. 21, 2012). These cases address instances where "inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, 2012 WL 932019, at *3. The Supreme Court made clear that these cases do not alter the *Hill* analysis for cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." *Frye*, 2012 WL 932020, at *9.

4

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751; *see also Smith v. South Carolina*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

### GROUNDS ONE AND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL – CONSTRUCTIVE AMENDMENT

Defendant's first and second grounds for relief are related in that they both claim ineffective assistance of counsel regarding an alleged constructive amendment of the indictment. Defendant contends that because he was only held accountable for his participation in the drug distribution conspiracy beginning in 2002, versus the beginning date of 1997 alleged by the grand jury, that the

5

court "constructively amended the indictment.

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented to the grand jury." *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). Constructive amendments of an indictment are regarded "as fatal variances because 'the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.' " *United States v. Foster*, 507 F.3d 233, 242 (4th Cir. 2007) (quoting *United States v. Randall*, 171 F.3d 195, 203 (4th Cir.1999)).

Defendant's argument is without merit. There was some discussion about the Government returning to the grand jury and obtaining a superseding indictment relating to the co-defendant in this matter, but no error occurred here because there was no "change [in] the elements of the offense charged, such that the defendant [was] actually convicted of a crime other than that charged in the indictment." *Id*. The limitation placed on the time period of Defendant's involvement in the conspiracy went to the calculation of the amount of drugs for which Defendant was held responsible at sentencing, not the elements of the offense of conviction. Therefore, counsel was not ineffective in failing to raise this issue, either in the trial court or on appeal, and the Government is entitled to summary judgment on Grounds One and Two.

**GROUND THREE – INEFFECTIVE ASSISTANCE OF COUNSEL – CAREER OFFENDER STATUS**

Defendant's third ground for relief contends he received ineffective assistance of counsel due to counsel's alleged failure to determine that Defendant was a career offender prior to the entry of the guilty plea. Defendant maintains in his memorandum in support of the § 2255 motion that had

6

counsel informed him that he would be found a career offender, "a possibility existed that he would not have taken the plea and [insisted] on going to trial . . . ." Mem. Supp. at 17 (ECF No. 185-1, filed Nov. 12, 2011).

In response to Defendant's motion, counsel John M. Read, IV, prepared an affidavit wherein he attests that

> I advised my client of the nature and elements of criminal conspiracy, the likelihood of the success of his case at trial, the statutory maximums and minimums, the effect of his prior record, nature of criminal offender status, and the effect of that possible status on his eventual sentence. Given the options, my client opted to try to enter a plea whereby he could reduce his likely sentence.

Aff. of John M. Read, IV, at 2 (ECF No. 195-5, filed Dec. 19, 2011). In response to counsel's affidavit, Defendant does not specifically contest that counsel informed him of the career offender provisions of the Guidelines; rather, Defendant merely argues that he is not a career offender. *See* Reply to Resp. at 6 (ECF No. 211, filed Mar. 8, 2012). However, Defendant's argument is without merit, as Defendant clearly has the requisite number and type of prior convictions to qualify as a career offender. *See* U.S.S.G. §§ 4B1.1, 4B1.2, & 4A1.2(a)(2).

The court finds that Defendant's third ground for relief fails on the merits, and the Government is entitled to summary judgment.

### GROUND FOUR – INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL – FACTUAL BASIS FOR CONSPIRACY

Defendant's maintains in his fourth ground for relief that appellate counsel was ineffective in failing to argue that there was no factual basis for the conspiracy offense.

The sworn statements Defendant made during his plea colloquy bar his subsequent averments to the contrary. "Solemn declarations in open court carry a strong presumption of verity."

7

*Blackledge v. Allison*, 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003); *see Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71.

During the Rule 11 proceeding, Defendant admitted, under oath, his involvement in the drug distribution conspiracy. Defendant's contentions to the contrary notwithstanding, Defendant was properly advised, both by counsel and this court, as to the requisite elements of the conspiracy charge, and he knowingly and voluntarily entered a guilty plea to that offense. Therefore, Defendant's appellate counsel was not ineffective in failing to raise this argument on appeal, as it is without merit.

### GROUND FIVE – CHANGE IN THE GUIDELINES – AMENDMENT 750

Defendant's last ground for relief is that he is entitled to relief under the retroactive change in the Guidelines effected by Amendment 750. However, even if this claim for relief were proper under § 2255, Defendant would not be entitled to relief, as his sentence was determined on the basis of his being found a career offender, not on the amount of drugs involved in the offense of

8

conviction.

## CONCLUSION

For all the reasons noted above, Defendant's motion for recusal is **denied**, the Government's motion for summary judgment is **granted**, and this matter is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 18, 2012