IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:09-714 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Michael Gerod Westbrook, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for relief under Federal Rule of Civil Procedure 60(b)(6). ECF No. 313. Defendant seeks to vacate his guilty plea "because the Honorable Cameron McGowan Currie [ ] impermissibly participated in plea negotiations." Mot. at 1.

"[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas [application]" and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012) for successive applications. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. July 13, 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). By contrast, a "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 531-32).

Defendant's current motion does not attack the integrity of his previous federal habeas proceeding. Therefore, it is, in reality, a motion for relief under 28 U.S.C. § 2255. In November 2011, Defendant filed a motion for relief under 28 U.S.C. § 2255. By Opinion and Order filed April 18, 2012, summary judgment was granted to the Government. ECF No. 214.

The current motion is, in reality, a second or successive motion for relief under § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255.  Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").  This he has not done.

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional.  Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Defendant's motion is dismissed as this court is without jurisdiction to consider Defendant's motion for relief under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

2

August 31, 2015