IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-714-CMC |
| v. | |
| Michael Gerod Westbrook, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's motion to reduce his sentence. ECF No. 397. Defendant asks for a time cut due to family circumstances and rehabilitation while in prison.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these provisions apply to Defendant's request.

Apart from 18 U.S.C. § 3582, a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by Rule 35(a) or 18 U.S.C. § 3742.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on December 10, 2009, and, accordingly, the deadline for any action by the court on a

Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. The Fourth Circuit affirmed Defendant's conviction and dismissed the appeal of his sentence. ECF No. 176.

The court lacks jurisdiction to reduce Defendant's sentence, and therefore, Defendant's motion to modify sentence is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 5, 2017