IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:09-714-CMC |
|---|---|
| v. | |
| Michael Gerod Westbrook, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for reconsideration of the court's denial of his motion under 28 U.S.C. § 2255. ECF No. 425. In his motion, Defendant argues jurisdictional challenges cannot be waived or forfeited, and his § 2255 motion raised such a challenge and therefore should not have been dismissed as second or successive. *Id.* at 2. He contends jurisdiction challenges "are exempt from the procedural restraints set forth in the AEDPA," and thus the court did have jurisdiction to consider his motion. *Id.* at 3-4. He argues the court should have determined whether the original criminal judgment was entered without authority, which would "vest the court jurisdiction under section 2255 to vacate that judgment." *Id.* at 5.

Defendant's current motion to reconsider is governed by Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be

supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant's motion for reconsideration addresses none of these available avenues for amendment of an earlier judgment. Instead, he reargues his position from his § 2255 motion, contending the court did not have jurisdiction to convict him because he did not admit an element of the crime and therefore no factual basis existed for his guilty plea. Defendant's motion for reconsideration is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
December 14, 2018