IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-714-2-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Michael Gerod Westbrook,<br>Defendant. | |

This case comes before the court on Defendant's Motions for Relief Under First Step Act of 2018.[1] ECF No. 434, 440. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 437. The Government filed a Motion to Dismiss in Response (ECF No. 435).

The court has reviewed the above filings as well as Defendant's Indictment (ECF No. 2), Plea Agreement (ECF No. 49), Transcript of Rule 11 hearing (ECF No. 57), and PreSentence Report ("PSR") (ECF No. 437-1), and concludes that Defendant is not entitled to relief under the First Step Act.

Defendant entered a guilty plea to Count 1 of the Indictment[2], which charged:

That beginning in or around 2002, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, Dwayne Roderick Ross and Michael Gerod Westbrook, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and

---

[1] Defendant initially filed a *pro se* motion for appointment of counsel, as he believed the new statute could apply to him. ECF No. 432. The Federal Public Defender then filed a motion on Defendant's behalf, so this motion is moot.

[2] Although the Plea Agreement refers to a Superseding Indictment, there was only one Indictment, ECF No. 2, that was orally modified to read, "beginning in or around 2002 . . ." ECF No. 437 at ¶ 5.

distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involved 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 2. The Plea Agreement provided:

> The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).
>
> In order to sustain its burden of proof as to this offense, the Government is required to prove the following:
>
> Count One – Drug Conspiracy
>
> (A) The conspiracy described in Count 1 was knowingly and willfully formed and was in existence on or about the dates set forth in Count 1;
> (B) The defendant joined the conspiracy with knowledge of its unlawful purpose; and
> (C) The defendant personally distributed 5 kilograms or more of cocaine or 50 grams or more of "crack" cocaine, specifically agreed to the distribution of those threshold quantities, or the distribution of those quantities were reasonably foreseeable to the defendant and within the scope of his agreement.
>
> Possible Penalties for 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)
> In a case involving 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine and one prior felony drug conviction – a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a maximum fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

ECF No. 49 at 1-2.

At the Rule 11 hearing, the court inquired of Defendant as follows:

The court: And was the distribution of at least five kilos of cocaine reasonably foreseeable to you and within the scope of your agreement that the people you were

2

involved with were going to distribute at least five kilos of cocaine over the time period? Did you understand that?
[Mr. Read and defendant confer]
Defendant: Yes, ma'am.
The court: All right. Now I'm going to ask you about crack cocaine. Did you personally distribute 50 grams or more of crack?
Defendant: Your Honor, I haven't touched crack since 1989, so I don't know about crack.
The court: So the answer is no.
Defendant: Yes, ma'am.
The court: All right. Did you specifically agree to assist anyone who was going to distribute or who did distribute 50 grams or more of crack?
Defendant: No, ma'am.
The court: And did you join in a conspiracy the purpose of which was to distribute crack?
Defendant: No, ma'am.
The court: And was it foreseeable to you that others in your conspiracy were going to distribute at least 50 grams of crack?
Defendant: What do you mean by the other people? Would you mean Ross?
The court: Um-hmm. People that you were involved in a drug conspiracy with, was it reasonably foreseeable to you that they were going to –
Defendant: You say I can see it, can I see it?
The court: Yes.
Defendant: I ain't – no, ma'am.
The court: Okay. So you had no idea whether anybody else in your drug conspiracy was going to distribute crack.
Defendant: No, ma'am.
The court: Okay. All right. So what you are saying is that your responsibility in this conspiracy was that it was reasonably foreseeable to you that others would distribute at least five kilos of powder.
Defendant: Talking about like Tyler, yes.

ECF No. 57 at 36:23-38:12.

Following discussion with Defendant and counsel, the court continued:

The court: Well, it seems to me that I'm still not sure that you are telling us everything, but it seems to me that you have said enough to indicate that you were certainly involved in a conspiracy that involved five kilos or more of powder cocaine and that it was reasonably foreseeable to you that this group was going to deal five kilos or more of cocaine that you were involved in.
Defendant: Yes, ma'am.
The court: Do you agree with that?

3

> Defendant: Yes, ma'am.
> The court: You still want to plead guilty?
> Defendant: Yes, ma'am.

*Id.* at 54:4-15.

And finally, the court inquired:

> The court: All right. Did you facilitate or act as a middleman in drug deals that totaled up to five kilos or more of powder?
> Defendant: Yes, ma'am.
> The court: You did that.
> Defendant: Yes, ma'am.
> …
> The court: How do you wish to plead to count one of the indictment, not guilty or guilty?
> Defendant: Guilty, ma'am.

*Id.* at 56:22-57:2; 58:2-4.

It is apparent from the Rule 11 colloquy the factual basis for Defendant's guilty plea was not conspiracy to distribute cocaine base, but conspiracy to distribute five kilograms or more of cocaine.

The PSR described Defendant's involvement in a "conspiracy to distribute multi-ounce to multi-kilogram quantities of cocaine and/or crack in the Rock Hill area of South Carolina." ECF No. 437 at ¶ 13. The PSR did not seek to account for the total amount of cocaine and crack attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's guideline range within the statutory limits of Count 1, to which Defendant had admitted guilt as to five kilograms or more of cocaine. Defendant now seeks to use the lower amount attributed to him personally to argue the lack of a

factual basis for a plea to conspiracy involving five kilograms or more of cocaine in Count 1. ECF No. 440 at 7.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. He admitted he facilitated or acted as a middleman in drug deals that totaled five kilograms or more of cocaine powder. ECF No. 57 at 56. His statutory penalty was not therefore controlled by the 50 grams or more of cocaine base charged in Count 1. Nor was his sentence. Because he admitted guilt to conspiracy to distribute five kilograms or more of cocaine, his statutory penalty was 20 years to life with a § 851 enhancement for a prior conviction, without any consideration of 50 grams or more of cocaine base. Neither did the Guideline calculation of his offense level, based in part on cocaine base, affect his sentence. The guideline range (360 months to Life) was based on his career offender status.

The First Step Act amended penalties for cocaine base, but not cocaine. This was intended to rectify a disparity caused by crack cocaine's effect on sentences prior to 2010. There was no such disparity in this case. For reasons set forth above, Defendant's Motions for Relief Under First Step Act (ECF Nos. 434, 440) are denied.

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
April 9, 2019